LANE, J.
It is true there is no proof that the individual certifying the acknowledgment of this deed was a magistrate. Where a party attempts to establish the execution of a deed solely by the certificate of acknowledgment, we are more particular than we are in cases where the execution is proved independent of the acknowledgment as in this case. There is proof that this deed was in fact executed by the grantor, and it appears to have been duly acknowledged and recorded. We incline to think the execution prima facie established, and to admit the deed in evidence.
The plaintiff then offered a deed from Foster and wife (late Susan Cutter) with a record of the Court of Common Pleas of a partition amongst the heirs of Seth Cutter, in which lot No. V was set apart to Susan.
LANE, J. By the statute, a married woman may unite with her husband in a deed, and in that way convey her interest in land. At common law a woman cannot make a deed. We think she cannot do so in this state except in the way pointed out by the legislature. The deed is excluded — you can raise the point again hereafter if you desire to do so.
Verdict for the plaintiff.
233] *Motion for a new trial, because Mrs. Foster’s deed was excluded, was submitted and overruled. Judgment on the verdict.